NUMBER 13-02-479-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

AMERICAN RETIREMENT CORPORATION 
D/B/A HOMEWOOD RESIDENCE,                                        Appellant,

v.

WILLIE JEAN STANLEY, ON BEHALF 
OF HAZEL WILLIAMS, AND PRC 
ROOFING COMPANY, INC.,                                               Appellees.
___________________________________________________________________

On appeal from the 214th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Wittig



Opinion by Justice Rodriguez

         Appellee, Willie Jean Stanley on behalf of Hazel Williams (Williams), sued
appellant, American Retirement Corporation (ARC) and appellee, PRC Roofing
Company, Inc. (PRC), for damages under negligent activity and premises liability
theories. Appellant subsequently filed a cross-claim against PRC for contribution,
indemnity, and breach of contract. Williams’ claims against PRC were settled. After
a bench trial, the court entered judgment against appellant and awarded damages. The
court also ordered that Williams take nothing against PRC. At appellant’s request, the
trial court made its findings of fact and conclusions of law. By fourteen issues,
appellant challenges the legal and factual sufficiency of the evidence to support certain
findings of fact and conclusions of law related to premises liability, negligent activity,
denial of indemnification, and damages awarded. Appellant also contends the trial
court erred by not finding PRC negligent.


 We affirm. 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. STANDARD OF REVIEW
A. Findings of Fact
         Findings of fact in a case tried to the court have the same force and dignity as
a jury’s verdict upon jury questions. See Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994); Taiwan Shrimp Farm Vill. Ass'n v. U.S.A. Shrimp Farm Dev., Inc., 915
S.W.2d 61, 70 (Tex. App.–Corpus Christi 1996, writ denied). Findings of fact are
not, however, conclusive when a complete reporter’s record appears in the record, as
in this case. Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.–San Antonio 1995,
writ denied). When challenged, such trial court’s findings of fact are reviewed for legal
and factual sufficiency of the evidence by the same standards applied when reviewing
evidence supporting jury findings. Ortiz v. Jones, 917 S.W.2d. 770, 772 (Tex. 1996)
(per curiam); Catalina, 881 S.W.2d at 297; Taiwan Shrimp Farm Vill., 915 S.W.2d at
70. 
1. Legal Sufficiency
         Legal sufficiency issues are called “no evidence” issues or “matter of law”
issues, depending upon whether the complaining party had the burden of proof. Raw
Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 275 (Tex.
App.–Amarillo 1988, writ denied). When, as in this case, the complaining party did
not have the burden of proof at trial, it must demonstrate on appeal that there is no
evidence to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58
(Tex. 1983); Gooch v. Am. Sling Co., 902 S.W.2d 181, 183-84 (Tex. App.–Fort
Worth 1994, no writ). Challenges to the legal sufficiency of the evidence must be
sustained if the record reflects one of the following:
(1) a complete absence of evidence of a vital fact; (2) the court is barred
by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a mere scintilla; or (4) the evidence establishes
conclusively the opposite of [a] vital fact.

Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998). Under a
legal sufficiency review, we must view the evidence in a light that tends to support
the finding and disregard all evidence and inferences to the contrary. Lenz v. Lenz, 79
S.W.3d 10, 19 (Tex. 2002).
2. Factual Sufficiency
         A party attacking the factual sufficiency of an adverse finding on which it did
not have the burden of proof must demonstrate that there is insufficient evidence to
support the adverse finding. Hickey v. Couchman, 797 S.W.2d 103, 109 (Tex.
App.–Corpus Christi 1990, writ denied); Maxus, 766 S.W.2d at 275. When reviewing
a challenge to the factual sufficiency of the evidence, we consider all of the evidence. 
Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989) (per curiam). 
We set aside the verdict only if the evidence that supports the finding is so weak as
to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986) (per curiam). 
B. Conclusions of Law
         The trial court’s conclusions of law are not binding on an appellate court;
instead, the appellate court is free to draw its own legal conclusions. Aguero v.
Ramirez, 70 S.W.3d 372, 373 (Tex. App.–Corpus Christi 2002, pet. denied). We
review the trial court’s conclusions of law de novo to determine whether the trial court
drew the correct legal conclusions from the facts. See State v. Heal, 917 S.W.2d 6,
9 (Tex. 1996); Aguero, 70 S.W.3d at 373; Dallas Morning News v. Bd. of Trs., 861
S.W.2d 532, 536 (Tex. App.–Dallas 1993, writ denied).
         Conclusions of law will not be reversed unless they are erroneous as a matter
of law. Stable Energy, L.P. v. Newbury, 999 S.W.2d 538, 547 (Tex. App.–Austin
1999, pet. denied). Conclusions of law will be upheld on appeal if the judgment can
be sustained on any legal theory supported by the evidence. Mack v. Landry, 22
S.W.3d 524, 528 (Tex. App.–Houston [14th Dist.] 2000, no pet.); Spiller v. Spiller,
901 S.W.2d 553, 556 (Tex. App.–San Antonio 1995, writ denied). Furthermore,
incorrect conclusions of law will not require reversal if the controlling finding of facts
will support a correct legal theory. Aguero, 70 S.W.3d at 373; J. Parra e Hijos, S.A.
de C.V. v. Barroso, 960 S.W.2d 161, 166 (Tex. App.–Corpus Christi 1997, no pet.).
III. PREMISES LIABILITY
         By issues one, three through eight, and twelve, appellant contends that the
evidence is legally and factually insufficient to prove a premises-liability cause of
action. Appellant specifically complains of the following findings of fact:
4.Despite American Retirement Corporation’s actual knowledge of
numerous random leaks at Homewood Residence as early as
October 1997, American Retirement Corporation did not undertake
voluntary repair of the roofs until 2001;
 
15.The presence of numerous random roof leaks at Homewood
Residence that resulted in leaks into residents’ apartments posed
an unreasonable risk of harm; 
 
16.American Retirement Corporation had actual or constructive
knowledge of the danger of water on the bathroom floor of Hazel
Williams’ apartment;
 
17.American Retirement Corporation failed to adequately warn Hazel
Williams of the water on her bathroom floor;
 
18.American Retirement Corporation failed to warn Hazel Williams of
the numerous random roof leaks which occurred at Homewood
Residence during heavy rains;
 
19.American Retirement Corporation failed to make the water on
Hazel Williams’ bathroom floor reasonably safe; and
 
20.American Retirement Corporation failed to make the numerous
random roof leaks at Homewood Residence reasonably safe.

Appellant further asserts that the following conclusions of law were made in error:
 
1.American Retirement Corporation is liable to Hazel Williams as
owner of Homewood Residence (the premises where Hazel
Williams’ injuries occurred);
 
2.American Retirement Corporation’s liability results from its failure
to warn Hazel Williams of a dangerous condition of which it was
actually aware or had constructive knowledge and/or notice before
the injury occurred, which condition resulted in her injury; and
 
3.American Retirement Corporation is liable to Hazel Williams as she
was a business invitee on the premises of American Retirement
Corporation and because American Retirement Corporation
breached its duty to Hazel Williams.

         It is undisputed that Williams was an invitee of appellant. As such, appellant
owed Williams a duty to exercise reasonable care to protect her from known or
discoverable dangerous conditions. See Wal-Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934, 936 (Tex. 1998). Appellant was not, however, an insurer of her safety. 
Id. To prevail on a premises-liability cause of action, Williams had to prove: (1)
appellant had actual or constructive knowledge of some condition on the premises; (2)
the condition posed an unreasonable risk of harm; (3) appellant did not exercise
reasonable care to reduce or eliminate the risk; and (4) appellant’s failure to use such
care proximately caused Williams’ injuries. See id.; Keetch v. Kroger Co., 845 S.W.2d
262, 264 (Tex. 1992); Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex.
1983); Whalen v. Condo. Consulting & Mgmt. Servs., Inc., 13 S.W.3d 444, 446 (Tex.
App.–Corpus Christi 2000, pet denied). Appellant contends Williams failed to
establish the first three elements.
1. Actual or Constructive Knowledge
         By its fourth issue, appellant challenges the sufficiency of the evidence to
support finding of fact 16 that ARC had actual or constructive knowledge of the
danger of water on the floor of Williams’ apartment. 
         In this case, there was evidence that appellant had actual notice since 1997 that
roof leaks throughout its facility created water puddles on the floors of its apartments
when it rained. It is because of these leaks that the roof of Williams’ apartment
building was being replaced. Furthermore, the evidence established that appellant
knew the section of roof immediately above Williams’ apartment was under repair
when the rain storm began. From this, the court could have inferred that appellant
knew there would be water on the floor of Williams’ apartment. See City of San
Antonio v. Rodriguez, 931 S.W.2d 535, 537 (Tex. 1996) (fact finder may infer person
in control of premises knew of water on floor when there was evidence that person
knew of leaks in roof and knew it had been raining). Disregarding all evidence and
inferences contrary to the findings, we hold that more than a scintilla of evidence
exists that appellant had actual or constructive knowledge of the condition on the
premises. See Maxus, 766 S.W.2d at 275. Thus, the evidence is legally sufficient
to support the court’s finding. Furthermore, reviewing the entire record, we hold that
the evidence supporting the adverse finding is not so weak as to be clearly wrong and
manifestly unjust. See Cain, 709 S.W.2d at 176. Thus, appellant’s factual
sufficiency challenge also fails. Issue four is overruled.
2. Condition Posed an Unreasonable Risk of Harm
         By its third issue, appellant challenges finding of fact 15, which provides that
“the presence of numerous random roof leaks . . . posed an unreasonable risk of
harm.” Appellant argues that this finding is incorrect as a matter of law and was
harmful as it served as the basis for conclusion of law 2. 
         In City of San Antonio v. Rodriguez, the supreme court found that a leaky roof
is not itself a dangerous condition, but that it may be the cause of a dangerous
condition. City of San Antonio, 931 S.W.2d at 536. The court determined that the
jury should have been instructed that the allegedly dangerous condition was the water
on the floor as opposed to the leaky roof. Id. at 537. 
         Under the facts of this case, we agree with appellant that the trial court erred
in making finding of fact 15. The leaky roof was not itself a dangerous condition. 
However, appellant has failed to show that this error resulted in an improper judgment. 
See Tex. R. App. P. 44.1(a); Palmer v. Espey Huston & Assoc., Inc., 84 S.W.3d 345,
351 (Tex. App.–Corpus Christi 2002, pet. denied). In finding of fact 14, the court
found that the “water on the bathroom floor . . . posed an unreasonable risk of harm.” 
This finding would also serve as the basis for conclusion of law 2. Therefore, despite
the trial court’s error in making finding of fact 15, the court would have reached the
same conclusion. Therefore, issue three is overruled. 
3. Exercise of Reasonable Care to Eliminate Risk
         In issues one and five through eight, appellant challenges findings of fact 4, 17,
18, 19, and 20 regarding appellant’s failure to exercise reasonable care. 
         The evidence in the record reveals that appellant was aware that roof leaks
occurred when it rained and caused water to collect in the residents’ apartments. 
There was testimony at trial that despite this awareness, employees of appellant were
not informed of the problem and were not instructed to check on the apartments
during rains. Additionally, there is no evidence in the record that appellant warned
Williams of the roof leaks or the resulting collection of water in residents’ apartments. 
Nor is there evidence that Williams was made aware that the roof directly above her
apartment was under repair when the rain storm began. From the evidence in the
record, we hold that there was legally and factually sufficient evidence to support the
trial court’s findings of fact 4, 17, 18, 19 and 20. See Maxus, 766 S.W.2d at 275;
see also Cain, 709 S.W.2d at 176. Thus, appellant’s legal and factual sufficiency
challenges in issues one and five through eight are overruled. 
         Moreover, evaluating the trial court’s conclusions of law 1, 2, and 3 that are
related to the complained-of findings of fact, we hold that the trial court drew the
correct legal conclusions from the facts. See Dallas Morning News, 861 S.W.2d at
536. Appellant’s twelfth issue is overruled.



         Furthermore, because Williams’ premises-liability claim supports the judgment
against appellant, we need not address appellant’s issues two, ten, and thirteen
challenging findings of fact 7 and 23 and conclusions of law 4 through 7 that relate
to Williams’ negligent activity cause of action, as they are not dispositive to this
appeal. See Tex. R. App. P. 47.1.
IV. DAMAGES AWARD
         By issues nine and fourteen, appellant challenges finding of fact 21 and
conclusions of law 9 through 11 that pertain to the amount of damages awarded to
Williams. Appellant argues that there is legally and factually insufficient evidence to
support finding of fact 21 which provides:
As a result of the negligence of American Retirement Corporation, Hazel
Williams has suffered injuries and damages in the amount of $750,000
(including physical pain and mental anguish sustained in the past and in
reasonable medical probability she will sustain in the future, physical
impairment sustained in the past and in reasonable medical probability
she will sustain in the future, and medical expenses and/or care in the
past).

Specifically, appellant contends that there is no evidence appellee will sustain any
physical pain, mental anguish, or physical impairment in the future.
         The evidence presented at trial regarding damages included the testimony of
two treating physicians and Williams’ son. The physicians testified as to the
deterioration of appellee after her injury and the increased care she required. There
was testimony regarding problems which may affect Williams in the future, including
forgetfulness, confusion, headaches, nausea, dizziness, and unstable balance. 
Williams’ son testified as to her loss of short-term memory and diminished quality of
life since the injury. From the evidence in the record, we hold that there was legally
and factually sufficient evidence to support the trial court’s finding. See Maxus, 766
S.W.2d at 275; see also Cain, 709 S.W.2d at 176. Furthermore, evaluating the trial
court’s conclusions of law 9, 10 and 11 which assess the damages award, we hold
that the trial court drew the correct legal conclusions from the facts. See Dallas
Morning News, 861 S.W.2d at 536. Thus, issues nine and fourteen are overruled. V. PRC NEGLIGENCE & INDEMNIFICATION OF ARC
         By issue eleven, appellant contends the trial court erred in finding that PRC was
not negligent in regards to its work on the roof above Williams’ apartment. However,
in accordance with rule 38.1(h) of the Texas Rules of Appellate Procedure, we will
only consider contentions that are supported by clear and concise arguments with
appropriate citations to authorities and to the record. See Tex. R. App. P. 38.1(h). 
Appellant has not cited any authority to support its contention that PRC was negligent. 
Nor has appellant cited evidence in the record that would satisfy the elements of a
negligence cause of action. Because this argument is inadequately briefed, we will not
consider it on appeal. See id.
         By issue fifteen, appellant challenges the trial court’s conclusion of law 8, which
provides that “[t]he language contained in the written contract between [ARC] and
[PRC] did not express an intent in specific terms within the four corners of the contract
to indemnify [ARC] from the consequences of [ARC’s] own negligence.” The
indemnity provision of the contract between PRC and ARC provides:
[PRC] to indemnify and hold [ARC] harmless from any liability from third
parties, including but not limited to contractor’s employees, residents of
the project and owner’s employees resulting from injuries or damages
relating to [PRC’s] work, including court costs and attorney’s fees and
expenses of litigation, and any judgments and consequential damages.

However, appellant has failed to argue how the language in the contract can be
construed to require PRC to indemnify appellant for appellant’s own actions. 
Therefore, we will not address issue fifteen. See Tex. R. App. P. 38.1(h).
VI. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
Opinion delivered and filed
this 24th day of June, 2004.