**Lindsay T. KAN, Plaintiff,**

v.

**ONEWEST BANK, FSB, Defendant.**

**Case No. A–11–CA–381–SS.**

United States District Court,
W.D. Texas,
Austin Division.

Oct. 27, 2011.

---

John Ogles, Ogles Law Firm, P.A., Jacksonville, AR, for Plaintiff.

Michael J. McKleroy, Jr., Walter L. McInnis, Akerman Senterfitt, LLP, Dallas, TX, for Defendant.

## *ORDER*

SAM SPARKS, District Judge.

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant OneWest Bank, FSB's Motion to Dismiss for Failure to State a Claim [# 18], Plaintiff Lindsay T. Kan's response thereto [# 22], and OneWest's reply [# 24]. Having reviewed the above documents, the applicable law, and the case file as a whole, the Court enters the following opinion and orders, GRANTING OneWest's motion in part and DENYING in part.

### Background

Removed here on the basis of diversity jurisdiction, this is a foreclosure case. Kan, a resident of California, apparently purchased at least two homes in Texas, possibly as investment properties. He subsequently, with at least one possible confederate, a Michael J. Eberle, appears to have set up an elaborate series of purported transfers and assignments, seeking to escape his responsibilities to his creditors under the note and deed of trust.

Specifically, he is alleged to have recorded a series of very dubious documents, including (1) a "Modification of Deed of Trust," which purported to modify the secured amount to "$0.00," Def.'s Mot. Dism. [# 18], Ex. E; (2) a "Substitute of Trustee" by which Kan, acting as "trustor," purported to transfer the trusteeship to a "D.T.S. A. Trust," *id.* Ex. F; a "Full Reconveyance" attempting to release the deed of trust, signed by Michael J. Eberle,[1] purporting to act for the D.T.S.A. Trust, *id.* Ex. G; and a "Recission of Substitute Trustee's Sale" purportedly rescinding notice of the foreclosure sale, *id.* Ex. H.[2] Curiously, Kan also conveyed his interest in the property to the D.T.S.A. Trust. *Id.* Ex. I.

In an apparent attempt to give these spurious recordings legal effect, he sent letters to the creditor and servicer entities, informing them of his intention to carry out the above recordings, and warning them they had only three days to respond, or he would "presume you waive any objection." *Id.* Ex. E. And indeed, in letters dated only four days later, he asserted his recordings were effective, having received no reply. *Id.* He is alleged to have at-

tempted a similar scheme for his other Texas property in a prior case before this Court. *See* Rule 26(f) Joint Status Report at 2, *Kan v. U.S. Bank, N.A.,* No. 1:10–cv–00939–SS (W.D.Tex. Feb. 4, 2011).

Kan has not denied or responded to these allegations. Nor does he deny he is in default, or claim he has any right at law or in equity to avoid foreclosure. He simply challenges, as so many wrongful-foreclosure plaintiffs do, whether OneWest is the party authorized to foreclose on the property, or whether the correct party is some other unknown entity. As is all too typical, Kan's complaint lists a slew of boilerplate causes of action,[3] but, in substance, he relies on a variation of the dubious "show-me-the-note" theory. Atypically of such plaintiffs, however, Kan is represented by counsel, and the Court is particularly dismayed to see a lawyer advancing this argument when it is now so completely unsupported by the statutes and jurisprudence of this state.[4] Unsurprisingly, OneWest has moved for dismissal with prejudice pursuant to Rule 12(b)(6). OneWest has also requested attorney's fees under section 392.403 of the Texas Debt Collection Act,[5] alleging Kan's

---

1. Eberle's full role in Kan's scheme is not entirely clear from the record, but it is difficult to imagine how he could have signed this document in good faith.

2. This series of unauthorized recordings is similar to another mortgage fraud scheme coming out of California, the so-called "Dorean Process." *See U.S. v. Johnson,* No. CR 05–0611 WHA, 2008 WL 205596 (N.D.Cal. Jan. 24, 2008).

3. Specifically: (1) fraud, (2) breach of contract, (3) violation of the Texas Debt Collection Act, (4) violation of due process, (5) breach of fiduciary duty, (6) violation of the Texas Deceptive Trace Practices Act, (7) perjury, (8) violation of sections 12.001 and 51.0025 of the Texas Property Code, (9) violation of section 406.009 of the Texas Government Code, (10) violation of the homestead

provision of the Texas constitution, and (11) violation of a mysterious "Rule 736(1)." Def.'s Notice of Removal [# 1], Ex. 1 (Pl.'s Compl.) at 56.

4. Kan attached to his response a decision by a Florida Court of Appeals, which is strong authority for the proposition he might have stated a claim, were this action arising under Florida law. Sadly for him, it is irrelevant authority here.

5. Although OneWest refers to section 392.304 on this point, the correct section appears to be 392.403. *Compare* TEX. FIN.CODE ANN. § 392.304 (West 2006) (enumerating "fraudulent, deceptive, or misleading" representations) *with id.* § 392.403(c) (authorizing attorney's fees "[o]n a finding by a court that an action under this section was brought in bad faith or for purposes of harassment").

action under the Act was brought in bad faith or for purposes of harassment. Def.'s Mot. Dism.[# 18] at 13–14.

## Analysis

### I. Rule 12(b)(6)—Legal Standard

■ A motion to dismiss for failure to state a claim tests the sufficiency of the complaint under Federal Rule of Civil Procedure 8. According to Rule 8, a pleading stating a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed.R.Civ.P. 8(a). The complaint in this case fails to comply with Rule 8(a)(2).

■ The primary purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In furtherance of the "fair notice" principle, the Supreme Court issued opinions in 2007 and 2009, announcing and clarifying the standard for what a complaint must contain to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).[6] For a complaint to meet the pleading requirements of Rule 8(a)(2) and to survive a Rule 12(b)(6) motion to dismiss, the following conditions must be met: (1) every element of each cause of action must be supported by specific factual allegations; and (2) the complaint must state a plausible claim for relief.

### 1. Conclusory Legal Assertions are Insufficient

■ A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (citing *United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, "a plaintiff must plead specific facts, not mere conclusory allegations," *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994) (internal citations omitted).

### 2. Complaint Must State a Plausible Claim for Relief

■ Conclusory assertions set aside, and considering only well-pleaded factual allegations, a complaint will only survive a motion for dismissal if the plaintiff pleads sufficient facts to state a claim for relief that is facially plausible. *Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

**6.** The Court urges Kan's counsel to *read the Iqbal* and *Twombly* decisions, and to be certain to cite them when he responds to Rule 12 motions in the future. It is inexcusable to cite only the now-overruled *Conley* standard on this point. *See* PL's Resp. [# 22] at 3.

for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task" that must be performed in light of a court's "judicial experience and common sense." *Id.* at 1950.

Furthermore, factual allegations must be placed in a context plausibly suggesting (not merely consistent with) each required element of the claim against each defendant. *See Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (parallel conduct by seven telephone companies that could just as well be independent action did not plausibly suggest conspiracy or agreement among the companies, a required element for a claim under the Sherman Act). Similarly, in *Iqbal* the Supreme Court held a complaint must include factual allegations plausibly establishing all elements required for the particular legal theory. *See Iqbal*, 129 S.Ct. at 1952 (taking all factual allegations as true, plaintiff's claim did not "show, or even intimate" defendants purposely discriminated).

### 3. Rule 12(b)(6)—Application

In his response to OneWest's motion, Kan admits seven of his causes of action are unsupportable as a matter of law, specifically (1) breach of fiduciary duty, (2) DTPA violation, (3) perjury, (4) section 12.001 of the Property Code, (5) section 406.009 of the Government Code, (6) the homestead provisions of the Texas constitution, and (7) Rule 736(1). Pl.'s Reply [# 22] at 5–6. These Court therefore GRANTS OneWest's motion as to those seven causes of action, and they are accordingly DISMISSED WITH PREJUDICE

Kan's remaining four causes of action are (1) fraud, (2) breach of contract, (3) violation of the Texas Debt Collection Act, and (4) violation of due process. As to all of these, the thrust of Kan's complaint and his response to OneWest's motion to dismiss is to assert OneWest cannot show it is the holder of the note, or is otherwise authorized to enforce the note.[7] Accepting this allegation as true, it nevertheless does not state a claim for which relief can be granted, under any of the four causes of action. Rather, if it is true, it is a matter to be litigated by whoever claims to be the proper note holder. In essence, Kan is pleading the "show me the note" theory, which fails under Texas law, as this Court has explained at length in other opinions. *See, e.g., Ray v. CitiMortgage, Inc.*, No. A–11–CA–441–SS, 2011 WL 3269326, at *34 (W.D.Tex. July 25, 2011).

Briefly, it bears repeating that foreclosure enforces the deed of trust, not the underlying note. *See Slaughter v. Qualls*, 139 Tex. 340, 346, 162 S.W.2d 671 (1942) (a trustee's power to sell a debtor's property derives solely from the deed of trust); *Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex.App.-Corpus Christi 2002, pet denied) (applying different statutes of limitations to actions seeking to enforce a lien or deed of trust or to foreclose on property used as security, and to actions seeking to enforce a promissory note). Accordingly, nothing requires a mortgage servicer to possess the original promissory note as a prerequisite to foreclosure. *See Broyles v. Chase Home Fin.*, No. 3:10–CV–2256–G, 2011 WL 1428904, at *3 (N.D.Tex. Apr. 13, 2011); *Griffin v. BAC Home Loans Servicing L.P.*, No. H–09–03842, 2011 WL 675285, at *2 (S.D.Tex. Feb. 16, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3:09–CV–2303–K, 2010 WL

---

**7.** "There is not any evidence before the Court that the Defendant has the original mortgage and note." Def.'s Notice of Removal [# 1], Ex. 1 (Pl.'s Compl) at 5.

996768, at *3 (N.D.Tex. Feb. 1, 2010), *adopted,* 2010 WL 996917 (N.D.Tex. Mar. 17, 2010). Indeed, the Texas Property Code contemplates the mortgage servicer will often represent the mortgagee, who may or may not possess the note itself. *See* TEX. PROP.CODE ANN. § 51.0001(4) (West 2007) (a mortgagee may be the "holder of a security instrument" or a "book entry system"). Kan cites two Texas courts of appeals cases for the proposition that only the note holder can foreclose, but those cases were regarding workman and materialman's liens under the Texas Business and Commerce Code, not purchase mortgages under the Property Code. *See Leavings v. Mills,* 175 S.W.3d 301, 305, 309–11 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Shepard v. Boone,* 99 S.W.3d 263, 264, 265–66 (Tex.App.-Eastland 2003, no pet.).[8]

The current statutory procedure for a deed of trust foreclosure does *not* require mortgage servicers to produce or hold the note. The mortgage servicer need only provide notice of default, with an opportunity to cure, and notice of the actual foreclosure sale. *See* Tex. Prop.Code Ann. § 51.002(b), (d) (West 2010). Production of the original promissory note is not necessary. *Crear v. JP Morgan Chase Bank, N.A.,* No. 10–10875, 2011 WL 1129574, at *1 n. 1 (5th Cir. Mar. 28, 2011) (unpublished, per curiam). The Property Code also specifically enables mortgage servicers to foreclose if they (1) are authorized to do so by agreement with the mortgagee, and (2) disclose their relationship to the mortgagee in the notices required by section 51.002. *See* TEX. PROP.CODE ANN. § 51.0025 (West 2007). Again, there is no

requirement to produce or even possess the note, original or otherwise. *See id.*

Because all four of Kan's remaining claims are premised on shear speculation as to whether (1) One West is authorized to enforce the note, (2) OneWest or other entities "robosigned" unspecified documents, and (3) on what the exact sequence of transfers was between the prior creditors—without any effort to explain how those facts would give rise to a cause of action, other than the above note-holder issue—they all fail to state a claim for which relief can be granted. *See Iqbal,* 129 S.Ct. at 1949. Indeed, they are conclusory and facially implausible as causes of action. *See id.* Rather than in any way calling into question OneWest's authority to foreclose as servicer under the deed of trust (which is conclusively demonstrated by the record, *see* Def.'s Mot. to Dismiss [# 18], Exs. A, C, D, and the law, *see* TEX. PROP.CODE ANN. §§ 51.002, 51.0025 (West 2010, 2007)), Kan has done little more than speculate about facts which are either irrelevant, or which would only be actionable as between Kan's creditors. Accordingly (although the Court declines to grant OneWest's motion to dismiss them with prejudice) they are DISMISSED WITHOUT PREJUDICE.

## II. Attorney's Fees Under the Debt Collection Act

 Attorney's fees are generally recoverable only where authorized by statute or contract. *Kessler v. Penn. Nat.'l Mut. Cas. Ins. Co.,* 531 F.2d 248, 255 (5th Cir.1976); *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 311 (Tex.2006). A

---

8. The Court notes as well Kan's response cited *Leavings* incorrectly, making it appear to be a Texas Supreme Court case. *See* PL's Resp. [# 22] at 3. While the Court does not expect a lawyer whose office is in the depths of Arkansas to be familiar with the niceties of the Greenbook, or expect every citation to

exhibit technical perfection, Kan's counsel should have at least ensured his citation was substantively accurate on this point. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION 26768 tbl. T1 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

court has greater equitable discretion in awarding attorney's fees under a statute than under a contractual provision. *Spinks v. Chevron Oil. Co.*, 507 F.2d 216, 226 (5th Cir.1975). When a party also seeks attorney's fees, it must prove both the amount of the fees and the reasonableness of the fees, subject to court inquiry. *See Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir.1985).

▮ The Texas Debt Collection Act provides: "On a finding by a court that an action under this section was brought in bad faith or for purposes of harassment, the court shall award the defendant attorney's fees reasonably related to the work performed and costs." TEX. FIN.CODE ANN. § 392.403(c) (West 2006). The Fifth Circuit declined to award attorney's fees against a TDCA plaintiff whose complaint contained "everything but the kitchen sink," but where nevertheless the plaintiff had made "substantial claims" against the defendants under the TDCA. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir.1985).

Here, Kan's complaint does not make any substantial claims under the Act. Rather, it simply references the "laundry list" section of the Act, without specifically identifying how OneWest is supposed to have violated the act, or what the alleged violation might be. Def.'s Notice of Removal [# 1], Ex. 1 (Pl.'s Compl) at 6. Kan's response is similarly conclusory on this point. His only argument on this is the following: "Plaintiffs Section 392.304 of the Texas Debt Collection Act Was Not Brought in Bad Faith. If the Court believes Plaintiffs allegations were unclear the Plaintiff should be allowed to file an amended complaint.... Furthermore, a foreclosure is a debt collection." Def.'s Resp. [# 22] at 5 (citations omitted). At

no point does Kan make any effort to connect his factual allegations to a specific section of the Act. His complaint and response fail to demonstrate that his lawyer undertook a reasonable investigation of the facts or the law, or that he is making a argument for an extension of the law.[9] As such, the Court finds as a matter of law that Kan's complaint under the TDCA was brought in bad faith or for purposes of harassment. Moreover, the equities are entirely against Kan. He has demonstrated no rights at law or equity in the property, and apparently engaged in activities which were likely fraudulent. Accordingly, the Court conditionally GRANTS OneWest's request for attorney's fees, and ORDERS OneWest's counsel to file, within fifteen days of entry of this order, argument and proof as to its reasonable fees.

Accordingly,

IT IS ORDERED that Defendant OneWest Bank, FSB's Motion to Dismiss for Failure to State a Claim [# 18] is GRANTED IN PART and DENIED IN PART as described above;

IT IS FURTHER ORDERED that Plaintiff Lindsay T. Kan's causes of action for (1) breach of fiduciary duty, (2) DTPA violation, (3) perjury, (4) section 12.001 of the Property Code, (5) section 406.009 of the Government Code, (6) the homestead provisions of the Texas constitution, and (7) Rule 736(1), are all DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff Lindsay T. Kan's causes of action for (1) fraud, (2) breach of contract, (3) violation of the Texas Debt Collection Act, and (4) violation of due process are all DISMISSED WITHOUT PREJUDICE;

9. Indeed, it is perhaps unfortunate that OneWest did not file a motion for sanctions under Rule 11 alongside its request for attorney's fees, as Kan's lawyer's failure to investigate the law extends to Kan's other causes of action as well.

· IT IS FURTHER ORDERED that Defendant OneWest Bank, FSB's request for attorney's fees is conditionally GRANTED, and OneWest's counsel is ORDERED to FILE, within fifteen days of entry of this order, argument and proof as to its fees.

IT IS FINALLY ORDERED that Plaintiff Lindsay T. Kan's complaint is DISMISSED WITHOUT PREJUDICE, although this Court retains jurisdiction to determine the issue of attorney's fees.