# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 26, 2013

Lyle W. Cayce
Clerk

No. 12-20559
Summary Calendar

ASHLEY MARTINS,

Plaintiff-Appellant,

versus

BAC HOME LOANS SERVICING, L.P.;
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:11-CV-2104

Before SMITH, PRADO, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

BAC Home Loans Servicing, L.P. ("BAC"), foreclosed on Ashley Martins's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20559

house, whereupon he challenged the foreclosure. Finding no genuine issue of material fact, the district court granted summary judgment for BAC. We affirm.

I.

In 2003, Martins refinanced a mortgage on his homestead through BSM Financial ("BSM"), executing a security instrument naming the Mortgage Electronic Registration System ("MERS") as the beneficiary and nominee for BSM and its assigns. Martins paid the mortgage until December 2009, when he became delinquent and then ceased payment in June 2010.

In November 2010, MERS assigned the mortgage to BAC; the transfer was recorded on November 22. In February 2011, Martins was notified that he was in default and that the property would be foreclosed on if he failed to cure the default. Martins did not respond, and on March 14 the note's trustee provided notice to Martins and the clerk's office that the property would be sold. The house was sold on April 5, 2011, to the Federal National Mortgage Association; Martins did not participate in the sale.

Martins sued in state court claiming wrongful foreclosure, promissory estoppel, and negligent misrepresentations. BAC removed to federal court and moved for summary judgment. Following Martins's failure to file a response, BAC filed a Notice of No Response, to which Martins replied with a motion for continuance, which was denied, and an untimely reply to the summary judgment motion. Having considered the untimely reply, the court granted summary judgment for BAC.

II.

"Summary judgments are reviewed *de novo.*" *Moussazadeh v. Tex. Dep't of Criminal Justice*, 703 F.3d 781, 787 (5th Cir. 2012). Summary judgment may be granted where, taking the evidence in the light most favorable to the non-

movant, there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also* FED. R. CIV. P. 56(a).

## III.

Martins questions BAC's "standing" to foreclose. Martins presents an incoherent and rambling argument conflating ownership of a note with constitutional standing. Interpreting those arguments most charitably, we conclude that Martins contends that the note was not properly transferred to BAC and that the assignment was "robosigned" and therefore "forged." Because of that, Martins's logic goes, BAC was not the holder of the note, did not own the mortgage, and could not foreclose.

This argument fails. There is no doubt that the mortgage was transferred by MERS to BAC, which presented a signed, notarized assignment document that had also been recorded by the county clerk. Martins's allegations of forgery rest on the fact (based on counsel's research) that MERS does not have a Texas office and that the assignment was "robosigned." That alone is hardly sufficient to maintain a claim for fraud, much less to avoid summary judgment.[1] BAC has offered sufficient evidence, through its recorded assignment, that it was the rightful holder of the mortgage, and Martins failed to present evidence creating a genuine issue of fact.

Martins contends that BAC also cannot foreclose because it was only assigned the mortgage, and not the note itself, by MERS. Martins suggests that the assignment split the note from the deed of trust and that BAC therefore had

---

[1] *See Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 470 (W.D. Tex. 2011) (dismissing suit for failure to state a claim where one of the arguments was that the mortgage documents were robosigned and therefore somehow invalid); *Christensen v. Bank of Am., N.A.*, 2011 WL 7070568 (N.D. Tex. Nov. 4, 2011) (granting summary judgment where the plaintiff had no grounds for alleging that a document was robosigned).

No. 12-20559

a meaningless piece of paper rather than a debt on which it could foreclose. Martins cites no Texas authorities to support this proposition but relies on general property-law treatises, likely because he would find no support in Texas law.

Numerous district courts have addressed this question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable. The court summarized Martins's strategy well in *Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, *2 (W.D. Tex. Apr. 26, 2011) (internal citations and quotation marks omitted):

> This claim—colloquially called the "show-me-the-note" theory— began circulating in courts across the country in 2009. Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure. The courts, however, have roundly rejected this theory and dismissed the claims, because foreclosure statutes simply do not require possession or production of the original note. The "show me the note" theory fares no better under Texas law.[2]

Texas differentiates between enforcement of a note and foreclosure—the latter enforces a deed of trust, rather than the underlying note, and can be accomplished without judicial supervision. *Wells*, 2011 WL 2163987, at *2. Where a deed of trust confers such a power, a trustee may sell a debtor's property. *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942). "Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Reardean v. CitiMortgage*, Inc., 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). Where a debt is "secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations." *Aguero v. Ramirez*, 70 S.W.3d 372, 374

---

[2] *See also Van Hauen v. Wells Fargo Bank, N.A.*, 2012 WL 4162138 (E.D. Tex. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 4322518 (E.D. Tex. Sept. 20, 2012) ("Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note."); *Stevens v. Wells Fargo Bank, N.A.*, 2012 WL 5951087 (N.D. Tex. Nov. 27, 2012).

(Tex. App.—Corpus Christi 2002, pet. denied). All that matters, therefore, is that the mortgage be properly assigned. Here, the mortgage was assigned by MERS, which had been given such power, including the power to foreclose, by the deed of trust.

Martins claims he did not receive notice of the sale as required under Section 51.002 of the Texas Property Code. Service of notice is complete when the notice is sent via certified mail. TEX. PROP. CODE § 51.002(e). "The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id*. BAC satisfies its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect. There is no requirement that Martins receive the notice.

Martins maintains that there was a sufficient dispute of material fact to send his claim of wrongful foreclosure to the jury. The three elements of wrongful foreclosure discussed by Martins are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two. *See Charter Nat'l Bank–Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). He argues that the failure to receive notice was a defect. That contention fails for the reasons set forth above: BAC provided the proper notice to Martins directly through the mails and to the county clerk. There was no defect.

Additionally, the selling price was not grossly inadequate: The house was sold for $133,897.86. The last appraisal had been $145,716. Fannie Mae paid almost 92% of the most recent appraisal value. A "grossly inadequate price would have to be so little as 'to shock a correct mind.'" *FDIC v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990) (quoting *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.—Dallas 1932, no writ)). The sale price is not shocking and is therefore not "grossly inadequate." Because there was no defect, and the sale price was not grossly inadequate, there was no wrongful foreclosure.

No. 12-20559

Martins avers that promissory estoppel bars BAC from foreclosing. He claims that BAC orally promised that his house would not be foreclosed on if he submitted an application through the Home Affordable Modification Program, which he did. Under the doctrine of promissory estoppel, if justice requires, a person may be bound by a promise that he reasonably believed would induce action or inaction and that did induce the action or forbearance. *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972). Martins's argument fails on several grounds, chief among them the statute of frauds. A loan agreement for more than $50,000 is not enforceable unless it is in writing. TEX. BUS. & COM. CODE § 26.02(b). Similarly, a promise relating to the sale of real estate must be in writing. *Id*. § 26.01(b)(4). An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid.

Promissory estoppel may overcome the statute of frauds requirement in Texas, but "there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds."[3] The purported agreement to modify the loan agreement is within the statute of frauds. Martins alleges only an oral agreement, not a promise on the part of BAC or its agents to sign an agreement validating the oral agreement that would satisfy the statute of frauds. Thus, promissory estoppel does not overcome the statute of frauds, and Martins's argument fails.

Martins contends that the district court abused its discretion by denying

---

[3] *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App.—Houston 1992, writ denied). *See also Carpenter v. Phelps*, 391 S.W.3d 143 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("For promissory estoppel to create an exception to the statute of frauds requires a promise to sign a prepared written contract which would satisfy the requirements of the statute of frauds."); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.) ("When promissory estoppel is raised to bar the application of the statute of frauds, there is an additional requirement that the promisor promised to sign a written document complying with the statute of frauds.").

No. 12-20559

his motion for a continuance, which was filed after the deadline had expired for a response to BAC's motion for summary judgment. Under Federal Rule of Civil Procedure 56(d), the court may defer judgment if the nonmovant shows that, for "specific reasons," it cannot present facts to justify its position and needs further discovery. Martins did not ask for more time until after the deadline to respond had passed. He did not articulate specifically what facts he needed to respond to BAC's motion for summary judgment. Nevertheless, the court considered his response, giving him more consideration than was required. The court did not abuse its discretion by denying the untimely motion for continuance.

The summary judgment is AFFIRMED.