# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10867

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2019

Lyle W. Cayce
Clerk

BRUCE W. BOWMAN, III; PAMELA J. BOWMAN,

Plaintiffs–Appellants

v.

CITIMORTGAGE, INCORPORATED.

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-4036

Before JOLLY, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

This case arises from a foreclosure by CitiMortgage on the Bowmans' home. The district court granted CitiMortgage's motion to dismiss for failure to state a claim and dismissed the Bowmans' Fourth Amended Complaint with prejudice, denying their motion for leave to amend. The district court also granted CitiMortgage's motion for summary judgment on the judicial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosure claim. We agree with the district court's analysis and therefore AFFIRM.

## I.

In February 2007, the Bowmans executed a $975,000 Texas Home Equity Note. They also executed a security instrument that allowed CitiMortgage to accelerate the note and to foreclose if the Bowmans defaulted. CitiMortgage has been the servicer of the loan since 2007. In October 2010, the Bowmans defaulted on the loan. CitiMortgage sent notice of default as well as demand for cure and then initiated foreclosure proceedings. The Bowmans requested hardship assistance and had many conversations with CitiMortgage about possibly modifying the loan, but it was never modified. The Bowmans filed the instant case in October 2014 after CitiMortgage again initiated foreclosure proceedings.

The Bowmans originally sued in state court for negligence, intentional and negligent misrepresentation, and breach of fiduciary duty. CitiMortgage removed the case to federal court on diversity jurisdiction grounds. CitiMortgage then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Bowmans filed the First Amended Complaint, adding several new claims and rendering that motion moot. CitiMortgage filed a counterclaim for judicial foreclosure and then moved for summary judgment. CitiMortgage moved to dismiss all the claims in the First Amended Complaint, which the district court granted, without prejudice. The district court directed the Bowmans to replead and also required them to submit a synopsis explaining how the new complaint overcame the grounds for dismissal laid out by the district court.

The Bowmans filed the Second Amended Complaint but did not address the deficiencies in the First Amended Complaint. They added a new cause of

No. 18-10867

action under the Texas Debt Collection Act (TDCA). Tex. Fin. Code §§392.301–392.404.  Additionally, the synopsis did not actually address the reasons the new complaint supposedly overcame the grounds for dismissal and instead addressed a case the Bowmans asserted was relevant to their new TDCA claims. The district court dismissed the Second Amended Complaint under Federal Rule of Civil Procedure 41(b) because the Bowmans ignored the court's directions. The Bowmans sought leave to amend and submitted the Third Amended Complaint.

The district court granted leave to amend but confined the amendment to the TDCA claims. Because the Third Amended Complaint included other claims, the Bowmans filed a Fourth Amended Complaint, which is the operative complaint. The district court directed CitiMortgage to move for summary judgment rather than to dismiss for failure to state a claim. Therefore, CitiMortgage moved for summary judgment. However, after reviewing the motion, the district court entered an electronic order that the claims would be more appropriately resolved under Rule 12(b)(6). The district court stated that CitiMortgage had already challenged the claims in their summary judgment briefing, and gave the Bowmans a chance to explain "why their TDCA claim should not be dismissed." The Bowmans responded but did not fully address the arguments that the court highlighted. CitiMortgage then replied. CitiMortgage also moved for summary judgment on its counterclaim of judicial foreclosure.

The district court dismissed the Fourth Amended Complaint with prejudice for failure to state a claim and granted summary judgment on CitiMortgage's counterclaim for judicial foreclosure.

3

No. 18-10867

## II.

### A.

This court reviews de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). When reviewing a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff must file a complaint that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility must be more than a mere "possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In their Fourth Amended Complaint, the Bowmans make claims under the TDCA without citing the appropriate sections of the statute for each claim. CitiMortgage raised this issue, and the Bowmans responded that they provided enough information for CitiMortgage to figure out which provisions it violated. As the district court reasoned, this is insufficient to provide fair notice to the defendant under Federal Rule of Civil Procedure 8(a). The district court referenced multiple cases regarding the TDCA and the need to connect factual allegations to specific provisions.[1] Despite multiple chances to clarify their TDCA claims, the Bowmans failed to do so. Instead they asserted that they should not be required to clarify the provisions that apply. The Bowmans did

---

[1] *See Massaquoi v. LoanCare, LLC*, No. 4:17-CV-00478-O-BP, 2017 WL 4326691, at *2 (N.D. Tex. Sept. 13, 2017) ("[V]aguely referring to sections or provisions of the Texas Debt Collection Act is not a sufficient pleading to overcome dismissal under Rule 12(b)(6)."); *O'Neill v. CitiMortgage, Inc.*, No. 413-CV-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014) (dismissing TDCA claim because the plaintiffs "failed to identify a specific provision of the TDCA that Defendant allegedly violated"); *Aguirre v. Nationstar Mortg. LLC*, No. CIV.A. H-13-3199, 2014 WL 125957, at *3 (S.D. Tex. Jan. 13, 2014) (same); *Birdow v. Allen*, No. A-13-CV-709-LY, 2013 WL 4511639, at *3 (W.D. Tex. Aug. 23, 2013) (same); *Platero v. Bank of Am.*, N.A., No. 3:11-CV-3421-M, 2012 WL 2368465, at *3 (N.D. Tex. May 25, 2012) (same); *cf. Kan v. OneWest Bank*, FSB, 823 F. Supp. 2d 464, 471 (W.D. Tex. 2011) (finding that attorney brought TDCA claim in bad faith because at "no point [did the plaintiff] make any effort to connect his factual allegations to a specific section of the [TDCA]").

give several examples of which provisions they were referencing but failed to tie each factual allegation to a provision of the law. The district court found that "the Bowmans' examples do not give CitiMortgage much more notice than it had before because it is still unclear what TDCA sections the Bowmans are relying on." The district court noted that other courts sometimes "parse through TDCA claims themselves or allow amendments," but declined to do so because of the multiple chances to amend that the Bowmans had already received.

Denial of leave to amend is reviewed for abuse of discretion. *Carroll*, 470 F.3d at 1173–74. Abuse of discretion is a deferential standard of review and "[t]he district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014). The district court gave the Bowmans multiple chances to amend their complaint, as well as other opportunities to address deficiencies. Then dismissal for futility and failure to cure deficiencies was not an abuse of discretion.

**B.**

This court reviews the district court's grant of a motion for summary judgment de novo. *Data Specialties, Inc. v. Transcon. Ins. Co.*, 125 F.3d 909, 911 (5th Cir. 1997). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In order "[t]o foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received

notice of default and acceleration." *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd,* 583 F. App'x. 306 (5th Cir. 2014); Tex. Prop. Code § 51.002. The Bowmans do not contest any of the elements but argue that there is a genuine dispute of material fact about CitiMortgage's authority to foreclose.

First, we address an evidentiary challenge. The Bowmans challenge the affidavits that the district court considered. The people who offered the declarations and affidavits at issue are Linda R. Dominguez, an assistant officer in legal support at CitiMortgage, and Becky Howell, the executive vice president for BDF Holdings, LP (an affiliated service provider for CitiMortgage's foreclosure counsel).

Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." This court has "repeatedly held that an affidavit does not meet this requirement simply because the affiant states that her conclusions are based on personal knowledge. Rather, the affiant must provide the district court with sufficient information to allow the latter to conclude that the affiant's assertions are indeed based on such knowledge." *Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 881 (5th Cir. 2014). Personal knowledge can be "demonstrated by showing that the facts stated reasonably fall within the sphere of responsibility of the affiant as a corporate employee." *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). Personal knowledge can be "reasonably inferred." *Id.*

The Bowmans assert that neither Dominguez nor Howell demonstrated personal knowledge. As the district court reasoned, Dominguez and Howell not only attested that their conclusions were based on personal knowledge, they also stated that they had knowledge of the relevant documents through their

No. 18-10867

work, and additionally, their knowledge can be inferred from their positions. This court agrees with the reasoning of the district court.

As noted above, the only substantive argument that the Bowmans make to defeat summary judgment is that there is an issue of material fact as to whether CitiMortgage has the authority to foreclose. They argue that CitiMortgage would have to be the holder of the note in order to foreclose, relying on *Martins v. BAC Home Loans Servicing, L.P.* for this assertion. 722 F.3d 249, 254–55 (5th Cir. 2013). That case actually stands for the opposite conclusion, holding that a "'mortgage servicer' may administer a foreclosure on behalf of a mortgagee if 'the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage,' proper notice is given, and notice discloses that the mortgage servicer represents the mortgagee." *Id.* at 255 (quoting Tex. Prop. Code § 51.0025.). The Bowmans admitted in the pleadings and in their appellate brief that CitiMortgage was their mortgage servicer ("CitiMortgage, the undisputed servicer on the Bowmans' loan"). The Bowmans attempt to now challenge that fact, but as a judicial admission, their previous statements are "conclusively binding." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). The Bowmans also argue that CitiMortgage did not produce a servicing agreement that would prove it has permission to foreclose. However, the Property Code does not have a specific requirement that a servicing agreement be produced. Additionally, CitiMortgage is indeed the mortgage servicer, as admitted by both parties and as evidenced by the letter notifying the Bowmans that CitiMortgage was the servicer. Moreover, the case law makes it clear that a mortgage servicer has authority to foreclose. *See Flowers v. Deutsche Bank Nat'l Tr. Co.*, 614 F. App'x. 214, 216 (5th Cir. 2015) ("Under Texas Property

Code §§ 51.002, 51.0025, the mortgagee or mortgage servicer may foreclose upon the property.").

## III.

For the aforementioned reasons, we concur with the reasoning of the district court and AFFIRM.