**CITY OF SAN ANTONIO, Petitioner,**

v.

**Carlos D. RODRIGUEZ, Respondent.**

**No. 95–0892.**

Supreme Court of Texas.

Oct. 18, 1996.

Paula Dlugosz, Lloyd Garza, San Antonio, for Petitioner.

Charles Kendall Harrell, Bart L. Brzozowski, San Antonio, for Respondent.

PER CURIAM.

Carlos D. Rodriguez sued the City of San Antonio for injuries he received while playing basketball at a city-owned and -operated recreation center. Rodriguez claims he went up for a rebound, landed in a wet spot on the floor, slipped, and injured his knee. The district court rendered judgment for Rodriguez on a favorable jury verdict, and the court of appeals affirmed. —— S.W.2d ——, 1995 WL 905527.

█ The district court instructed the jury as follows:

> With respect to the conditions of the premises, the City of San Antonio was negligent if—
>
> a. The condition posed an unreasonable risk of harm; and
> b. The City of San Antonio had actual knowledge of the danger; and
> c. Carlos D. Rodriguez did not have actual knowledge of the danger; and
> d. The City of San Antonio failed to adequately warn Carlos D. Rodriguez of the condition or make the condition reasonably safe.

The City complains that paragraph (d) incorrectly states its duty because it allowed the jury to find negligence if the City *either* failed to warn Rodriguez *or* failed to make the condition reasonably safe. The City is correct, as we have held today in a similar context. *State v. Williams,* —— S.W.2d —— (Tex.1996) (per curiam).

█ Regarding harm, the court of appeals wrote:

> The City stipulated they did not give adequate warnings. Hence, the only way the City could discharge its duty was to make the condition reasonably safe. Consequently, even if the instruction was unclear as submitted, which it is not, no error resulted because the jury was left with only one possibility.

—— S.W.2d at ——. This reasoning is flawed. Because the City did not give adequate warnings, the jury could have found negligence under subparagraph (d) without considering whether the City had made the condition reasonably safe. This was ·one of the alternatives afforded by the erroneous instruction. Because the instruction amounted to a directed verdict on that contested element of liability, the error was harmful. Thus, the judgment must be reversed. Because the district court followed the pattern jury charge in instructing the jury, the error should not result in rendition of judgment against Rodriguez. Rather, the case must be remanded for a new trial. *See Spencer v. Eagle Star Ins. Co.,* 876 S.W.2d 154, 157–158 (Tex.1994).

█ The water on the floor of the basketball court came from a leak in the roof. The evidence is undisputed that the City knew of the leaks in the roof, but the City disputed whether it knew of the water on the floor at the time Rodriguez slipped. The court of appeals held that the jury could have concluded that the leaky roof was the dangerous condition in the premises, so that the City's knowledge of the dangerous condition was conclusively established. —— S.W.2d at ——. We disagree. The leaky roof was not itself a dangerous condition; it could only cause a dangerous condition. The City was not required to warn of leaks in the roof or repair them; it was required only to prevent the water that leaked through the roof from causing a dangerous condition. On retrial,

the jury should be instructed that the allegedly dangerous condition was the water Rodriguez claims was on the floor.

 The City complains that there was no evidence that it knew of the water on the floor. However, there was evidence that the person in charge of the recreation center knew of the leaks in the roof and knew that it had been raining. Depending on the position of the leaks above the floor and the amount of rain, the jury might have inferred that the person in charge knew that there would be water on the floor. We therefore reject the City's no-evidence complaint.

The City also complains of error in the admission of evidence and plaintiff's summation. In view of our disposition of the case, we need not address these complaints.

Accordingly, the Court grants the City's application for writ of error and without hearing oral argument reverses the judgment of the court of appeals and remands the case to the district court for further proceedings. TEX.R.APP. P. 170.