IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0058
════════════
 
City of 
Corsicana, Texas, Petitioner,
 
v.
 
Patrick Stewart Sr. and 
Sentria Whitfield, Individually and as Heirs to the Estates of Patrick Stewart 
Jr. and Brooke Stewart, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the 
Court of Appeals for the Tenth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
 
            
In this premise defect case, we determine whether claimants met their 
evidentiary burden of showing that a governmental entity had actual knowledge of 
a dangerous condition to establish a waiver of immunity under the Texas Tort 
Claims Act. Patrick Stewart Sr.’s car stalled while he was attempting to 
traverse a low-water crossing on Bunert Road
, which was flooded due to heavy 
rains. Stewart left his children inside the car and went to seek help. When he 
returned, his car had been swept away, and his children drowned. Stewart and 
Sentria Whitfield (collectively Plaintiffs), individually and as heirs to the 
estates of their children Patrick Stewart Jr. and Brooke Stewart, sued the City 
of Corsicana. 
The trial court granted the City’s plea to the jurisdiction based on 
governmental immunity, finding that the City did not have actual knowledge that 
the crossing was flooded at the time of the accident. A divided court of appeals 
reversed and remanded the case to the trial court for further proceedings. 211 S.W.3d 844, 853. Because we conclude that Plaintiffs 
failed to raise a fact issue regarding the City’s actual knowledge of a 
dangerous condition, we reverse the judgment of the court of appeals and dismiss 
the claims for lack of jurisdiction. 
            
The Texas Tort Claims Act provides a limited waiver of sovereign immunity 
when a claim arises from a premise defect. Tex. Civ. Prac. & Rem. 
Code §§ 101.022(a), 
.025. To establish a waiver of immunity, the plaintiff must 
show the governmental entity had actual knowledge “of the dangerous condition at 
the time of the accident, not merely of the possibility that a dangerous 
condition c[ould] develop over time.” City of Dallas 
v. Thompson, 210 S.W.3d 601, 603 (Tex. 2006); see also Tex. Civ. Prac. & Rem. 
Code § 101.022(a).[1]
            
If a plea to the jurisdiction challenges the existence of jurisdictional 
facts, a reviewing court considers the relevant evidence to determine whether a 
fact question on the jurisdictional issue exists. See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004). If the evidence raises a fact 
question on jurisdiction, then the trial court cannot grant the plea to the 
jurisdiction, and the fact question will be resolved by the fact finder. 
Id. at 
227–28. If the relevant evidence is undisputed or fails to raise a fact 
question, the trial court rules on the plea to the jurisdiction as a matter of 
law. Id. at 
228. 
            
At the trial court’s evidentiary hearing, the City offered evidence that 
it was unaware the crossing had flooded when the accident occurred. Ronald 
Lynch, the City’s Public Works Director, testified that the City first learned 
the crossing had flooded when Stewart called 911 for help, which was after the 
dangerous condition had arisen. 
            
The court of appeals held that in this case, actual knowledge could be 
inferred from circumstantial evidence including: (1) testimony from Lynch that 
the crossing “sometimes” flooded during heavy rains, that the crossing was 
designed to allow water to flow over it during heavy rains, and that the City 
closed the crossing on several prior occasions due to flooding; (2) a study 
commissioned by the City several years prior to the accident identifying the 
crossing as vulnerable to future flooding; (3) a former City Council member’s 
testimony that she informed City personnel of “dangerous conditions” at the 
crossing during “light and heavy rains”; (4) the National Weather Service’s 
issuance of four pertinent severe weather warnings on the afternoon and night 
preceding the accident; (5) evidence that the Texas Department of Transportation 
(TxDOT) closed a road one mile upstream from the crossing several hours prior to 
the accident due to flooding; and (6) the responding officer’s statement that he 
had just assisted another officer apprehend a murder suspect prior to being 
dispatched to Stewart’s 911 call and, therefore, must have been aware of the 
heavy rainfall. 
            
The City contends that the evidence relied on by the court of appeals 
supports an inference of constructive, not actual, knowledge of a dangerous 
condition. Plaintiffs respond that the City’s knowledge that the crossing tended 
to flood during heavy rains, combined with specific knowledge that it was 
raining hard on the night of the accident, supports the inference that the City 
actually knew the crossing was flooded at the time of the accident. In addition 
to the evidence relied on by the court of appeals, Plaintiffs point to 
statements in the responding officer’s report at the evidentiary hearing that 
the rain was intense as he drove to assist Stewart, that local dispatch was 
inundated with calls for help from stranded motorists and flooded homeowners, 
and that many officers could not reach those in need due to high water. 
Plaintiffs further argue that according to City procedures, City officials are 
supposed to monitor areas likely to flood when flooding is anticipated.
            
It is undisputed that no direct evidence was offered that the City knew 
the crossing was flooded prior to the accident. Actual knowledge requires 
knowledge that the dangerous condition existed at the time of the accident, as 
opposed to constructive knowledge which can be established by facts or 
inferences that a dangerous condition could develop over time. See 
Thompson, 210 S.W.3d at 603. Here, the Legislature 
required that the City actually know that the crossing was flooded at the time 
of the accident. See Tex. Civ. 
Prac. & Rem. Code § 101.022(a); State Dep’t of Highways & Pub. 
Transp. v. Payne, 838 S.W.2d 
235, 237 (Tex. 
1992). Circumstantial evidence establishes actual knowledge 
only when it “either directly or by reasonable inference” supports that 
conclusion. State v. Gonzalez, 82 S.W.3d 322, 330 (Tex. 2002); see also City of San Antonio v. Rodriguez, 931 S.W.2d 535, 537 
(Tex. 
1996). For example, in State v. Gonzalez, we held that evidence TxDOT 
knew stop signs had been repeatedly vandalized could not reasonably support the 
inference that it knew the signs were missing, in the absence of evidence that 
someone had reported the signs missing before the accident occurred. 
Gonzalez, 82 S.W.3d at 330 (analyzing section 101.060(a)(3) of the Texas Tort Claims Act which also requires actual 
knowledge). Conversely, in City of San Antonio v. Rodriguez, involving a 
suit for injuries suffered as a result of a fall on a wet public basketball 
court, the evidence established that the City knew that the rain would drip to 
the floor through admitted leaks in the roof of the recreation center. 
Rodriguez, 931 S.W.2d at 537. The City’s 
employee in charge of the building had contemporaneous actual knowledge of the 
dangerous condition in the vicinity of the hazard–he knew of leaks in the roof 
and knew that it had been raining. Id. We held that, “[d]epending on the 
position of the leaks above the floor and the amount of rain, the jury might 
have inferred that the person in charge knew that there would be water on the 
floor.” Id. This was a direct and reasonable 
inference from the evidence submitted. Accordingly, we rejected the City’s 
contention that there was no evidence of actual knowledge. Id. 
            
Unlike Rodriguez, however, the evidence presented in this case 
does not reasonably support the inference that the City actually knew the 
crossing was flooded on the night of the accident. Plaintiffs’ evidence 
indicates that there was inclement weather in the vicinity of Corsicana on the night of 
the accident, that a road one mile upstream was closed due to flooding, that the 
City knew the crossing tended to flood during heavy rains, and that the City was 
aware of heavy rains and flooding after the accident occurred. Neither this 
evidence nor the inferences arising therefrom raise a fact question on the 
City’s actual knowledge that a dangerous condition existed at or near the 
crossing at the time of the accident. There was evidence that TxDOT, a different 
governmental entity, had closed a different road due to flooding several hours 
prior to the accident, but Plaintiffs did not present evidence that the City 
knew of the road closure. Additionally, the responding officer’s statements 
regarding the road conditions he encountered en route to Stewart and the 
numerous flood-related calls the City received after he left the scene of the 
accident describe the City’s knowledge of the weather and road conditions after 
the accident occurred, not before.[2] Finally, Plaintiffs have not identified 
any City official likely to have made a similar connection.[3] Cf. Rodriguez, 931 S.W.2d at 537. Such evidence is insufficient to support 
an inference of actual knowledge of a dangerous condition at the time it was 
occurring. See Gonzalez, 82 S.W.3d at 330. 
As the Legislature 
created an actual, not constructive, knowledge standard for waiver of immunity, 
we conclude that Plaintiffs failed to raise a fact issue regarding the City’s 
knowledge of a dangerous condition. 
            
And regardless of whether the City should have been better prepared to 
respond, the City is immune from liability for discretionary decisions 
concerning the expenditure of limited resources for the safety of its citizens. 
Tex. Dep’t of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002) (the design of 
roadways and installation of safety features are discretionary decisions that 
are immune from suit) (citing Tex. Civ. 
Prac. & Rem. Code § 101.056(2)); cf. State v. Terrell, 588 
S.W.2d 784, 787 (Tex. 1979) (discussing the police and fire 
protection exception to waiver of immunity). 
            
The City also contends that the court of appeals erred by failing to 
address whether the crossing constituted an actionable premise defect. See 
Ramirez, 74 S.W.3d at 867. Because we 
conclude that the court of appeals erred in finding that Plaintiffs raised a 
fact issue as to the City’s actual knowledge of a dangerous condition, we need 
not address the City’s other point of error. See Mower v. Boyer, 811 
S.W.2d 560, 563 n.3 (Tex. 1991) (declining to address a broader 
issue when the case is resolvable on a narrower ground).
            
Accordingly, without hearing argument, the judgment of the court of 
appeals is reversed and Plaintiffs’ action dismissed for lack of jurisdiction. 
See Tex. R. App. P. 
59.1.
 
OPINION DELIVERED: March 28, 2008






[1] 
Plaintiffs do not dispute that they must show actual, not constructive, 
knowledge to establish a waiver of immunity in this case.

[2] 
Specifically, the officer stated that “[w]hile enroute [sic] the rain was so 
intense and the water so high on E. 5th that my vehicle almost flooded out 3 
times,” and that “[s]hortly after I left the scene as dispatch was inundated 
with calls for help all over town for [sic] stranded motorist [sic] in high 
rising water and flooded homes.” Plaintiffs presented no evidence that any of 
these calls were placed before the accident.

[3] 
Although City officials were supposed to monitor flood-prone areas, there is no 
evidence that this procedure was implemented and followed on the night of the 
accident. Lynch, the City’s Public Works Director, testified that he was asleep 
on the night of the accident and was not aware of the heavy 
rain.