# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41411
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2014

Lyle W. Cayce
Clerk

YVONNE ROBINSON,

Plaintiff - Appellant

v.

WAL-MART STORES TEXAS, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-425

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Yvonne Robinson sued Wal-Mart Stores Texas, LLC ("Wal-Mart") in Texas state court for injuries that she alleged resulted from a "slip and fall" on rainwater that had accumulated in the entryway of a Wal-Mart store. Wal-Mart removed the case to federal court on the basis of diversity jurisdiction. The district court subsequently granted Wal-Mart summary judgment relief on all of Robinson's claims. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41411

We first address the district court's denial of Robinson's motions for remand and reconsideration in which she argued removal was improper because the court lacked subject-matter jurisdiction.[1] We review the denial of a motion for remand *de novo* and the denial of a motion for reconsideration for abuse of discretion. *See Lake Hill Motors, Inc. v. Jim Bennett Yacht Sales, Inc.*, 246 F.3d 752, 757 (5th Cir. 2001) (motion for reconsideration); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (motion for remand).

Removal is proper premised on diversity jurisdiction when the civil action is between citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). If at the time of removal it is facially apparent from the state-court petition that the amount in controversy exceeds $75,000, a plaintiff's subsequent request to amend her petition to "clarify" the amount in controversy cannot divest jurisdiction. *See Gebbia*, 233 F.3d at 882; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

Here, at the time of removal, it was facially apparent from Robinson's petition that she sought at least $80,400. Specifically, her original petition listed approximately $26,000 in medical expenses, $10,800 in lost wages (plus unspecified lost wages for six additional months), $3,600 in lost housing, and

---

[1] Robinson's notice of appeal states that she appeals "the Order of March 01, 2012, denying remand." However, the district court's order denying remand is dated February 7, 2012, and the order of March 1, 2012, involved a denial of her motion for reconsideration. Nevertheless, we need not address this inconsistency because arguments concerning subject-matter jurisdiction cannot be waived. *See H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000) (plaintiff's failure to appeal its previously-denied motion to remand did not deprive us of jurisdiction to consider whether the matter was properly removed because "[w]e have a duty to raise the issue of subject matter jurisdiction *sua sponte*").

No. 12-41411

between $40,000 and $70,000 in anticipated future medical expenses.[2]  In addition, prior to removal, Wal-Mart proposed to Robinson that she stipulate to no more than $75,000 in damages in exchange for not removing the case to federal court.  Robinson declined, asserting, *inter alia*, that the amount she sought exceeded $75,000.  This summary-judgment-type evidence further illustrates that the amount in controversy exceeded $75,000 at the time of removal.  *See Allen*, 63 F.3d at 1336 (summary-judgment-type evidence may be used to establish the amount in controversy at the time of removal).  Therefore, Robinson's attempt to modify her petition post-removal to "clarify" the amount of damages cannot divest the court of subject-matter jurisdiction,[3] and the district court did not err in denying Robinson's motions for remand or reconsideration.  *See id.*

Turning to Wal-Mart's motion for summary judgment, we first address Robinson's argument that the district court should have granted her additional time for discovery before ruling on the motion.  Robinson was required to justify her motion for continuance by explaining *why* she needed additional discovery and *how* such discovery would likely create a genuine issue of material fact.  *See Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999).  Robinson's motion merely asserts that she required additional time for discovery because she needed "to develop facts and information which determines what other employees know."  As the district

---

[2] Contrary to Robinson's suggestion, her future medical expenses are relevant to calculating the amount in controversy.  *See Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 391 n.14 (5th Cir. 2000) (observing that a claim for damages that generally relied on future medical expenses, *inter alia*, was sufficient to establish the amount in controversy).

[3] Robinson argued in her amended motion to remand that the amount in controversy was below $75,000 because her original petition relied on a hospital bill for $23,500, when in fact the bill was only for $235.00.

court observed, she wholly failed to identify the type of discovery she sought to conduct or any specific evidence that she sought to produce. She further failed to explain how additional evidence would be relevant in rebutting Wal-Mart's contention that no genuine issue of material fact exists. The district court did not abuse its discretion in denying her motion. *See id.* at 534.

With respect to the merits of the summary judgment motion, we conclude that the district court properly granted Wal-Mart relief.[4] We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Gen. Universal Sys. v. HAL, Inc.*, 500 F.3d 444, 448 (5th Cir. 2007) (citation and quotation marks omitted). Summary judgment is appropriate if the moving party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Robinson's premises liability claim fails because she presented no evidence that Wal-Mart had actual or constructive knowledge of the presence of water on the floor prior to her fall.[5] *See Wal-Mart Stores, Inc. v. Reece*, 81

---

[4] We confine our analysis to Robinson's premises liability claim because she does not challenge the district court's grant of summary judgment in favor of Wal-Mart with respect to her other negligence claims. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995).

[5] We decline Robinson's invitation to change Texas law for slip-and-fall actions involving rain. *See Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1217 (5th Cir. 1985) ("It is not for us to adopt innovative theories of . . . Texas law, but simply to apply that law as it currently exists."). Indeed, no case cited by Robinson supports her proposition that "[r]ain is an obvious event, requiring no inspection or notice." Specifically, the court in *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536 (Tex. 1996), held that a jury may conclude that the defendant had notice of a dangerous condition because there was a defect in the premises that would have allowed rain water to create wet spots on the floor. Contrary to Robinson's suggestion, *Rodriquez* does not hold that the defendant had notice of a dangerous condition simply because it was raining. Her reliance on *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983) is misplaced. That case involved a storeowner's creation of a hazard due to the way it displayed food. *Id.* at 297 (emphasis removed); *see also Bendigo v. City of Hous.*, 178 S.W.3d 112, 116 (Tex. App.–Houston [1st Dist.] 2008, no pet.) (observing that *Corbin* involved a unique type of slip-and-fall claim).

No. 12-41411

S.W.3d 812, 813 (Tex. 2002). Robinson's affidavit argues that Wal-Mart should have discovered the hazard because it was close to a cashier, two employees on break nearby, and the greeter. However, constructive notice cannot be established based on proximity alone; instead, Robinson must show that the hazard was present for a sufficient length of time to charge Wal-Mart with knowledge of it. *See id.* at 815 ("The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence."); *see also Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003) ("The argument that constructive knowledge can be inferred from the close physical proximity of an unreasonable risk to the employees of a premises owner was recently rejected by the Texas Supreme Court in *Wal-Mart Stores, Inc. v. Reece*."). In the absence of evidence establishing this element of premises liability, the district court appropriately granted Wal-Mart summary judgment relief.[6] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

AFFIRMED.

---

[6] The record does not support Robinson's suggestion that the court granted summary judgment because she failed to timely respond to Wal-Mart's motion. The magistrate judge expressly noted that a lack of a response was not a ground on which he could recommend granting summary judgment. Further, Robinson's response was eventually filed and considered by the district court prior to its adoption of the magistrate judge's recommendation.