

NUMBER 13-14-00419-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DIANA GONZALEZ,                                                                    Appellant,

v.

JOSE L. MEDINA JR. D/B/A
JRS COIN LAUNDRY,                                                               Appellee.

**On appeal from the County Court at Law No. 2
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Rodriguez**

Appellant Diana Gonzalez appeals from a summary judgment granted in favor of

appellee Jose L. Medina Jr. d/b/a JRS Coin Laundry (Medina) in a premises liability case.

By one issue, Gonzalez contends that the trial court erred in granting Medina's no-

evidence motion for summary judgment because she offered more than a scintilla of evidence of the knowledge element of her claim. We affirm.

## I. BACKGROUND[1]

The summary judgment evidence shows that Gonzalez and her daughter Alexis entered the JRS Coin Laundry.[2] The owner, who was standing near a counter talking with her son and another woman, greeted Gonzalez and her daughter. Alexis placed two laundry baskets on the floor near the washing machines. She did not notice any water on the floor at that time. Alexis sat down on a bench and started sending text messages on her phone.

There were two rows of washing machines. Gonzalez loaded the laundry into two machines and, according to Alexis, "came back around, sat down with [her] for a little bit [about five minutes], then went back around to put in the softener." It was then that Alexis "heard [Gonzalez] yell." She could not see her mother because "[s]he was on the other side." According to Alexis's testimony, none of the people in the laundromat could see where Gonzalez was when she fell.

Alexis found her mother on the floor next to one of the washers she was using. Gonzalez's clothing was "soaked" on the left side of her body where she had fallen. Alexis testified that the floor next to Gonzalez was wet but that there was not enough

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

[2] The background facts are taken from excerpts of Alexis Gonzalez's deposition that Gonzalez attached to her summary-judgment response. We note that Alexis referred to the woman who greeted them as the owner. On appeal, Gonzalez describes this woman as the operator, not the owner.

water on the floor to form a puddle.  There was no moving water.  Instead, Alexis described a trail of water coming from under the machine.

Later, Alexis had a conversation with a woman who Gonzalez describes in her brief as the operator.[3]  On appeal, Gonzalez claims that the woman made a crucial admission:  "I thought I had that thing fixed."[4]

Gonzalez filed a premises liability suit against Medina, claiming that she, as an invitee, had sustained injuries when she "slipped and fell on water leaking from one of [Medina's] coin operated washers."  Medina filed a motion for no-evidence summary judgment, arguing that Gonzalez, who he assumed for purposes of the motion was an invitee, could produce no evidence that Medina had actual or constructive knowledge of a dangerous condition on the premises.  Gonzalez responded, arguing that the evidence presented in her response—Alexis's affidavit testimony—presented sufficient evidence to raise "a genuine issue of fact regarding [Medina's knowledge] of the hazardous condition at issue."  The trial court granted summary judgment in favor of Medina.  Gonzalez filed a motion to reconsider and motion for new trial, which were overruled by operation of law. This appeal followed.

---

[3] As Medina notes in his brief, "Gonzalez's proffered evidence of this statement—Alexis's deposition testimony—does not even identify the person who made the statement as an agent or employee of" the laundromat."  Neither does the excerpted portion of Alexis's deposition testimony identify that person as the owner or operator.

[4] The following question by Gonzalez's counsel and Alexis's deposition answer are the basis for Gonzalez's contention:

Q     Okay.  So she said twice, as far as you know, that she thought she had that particular machine that your mother was using fixed?

A.    Yes.

3

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A. Standard of Review

We review a trial court's ruling on a summary judgment motion de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). A no-evidence motion must specifically state the elements for which there is no evidence. TEX. R. CIV. PROC. 166(a)(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When reviewing a no-evidence summary judgment we consider all the evidence in the light most favorable to the party against whom the trial court rendered summary judgment. *Timpte Indus.*, 286 S.W.3d at 310; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of summary judgment evidence to raise a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam); *City of Keller*, 168 S.W.3d at 810; *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). A nonmovant produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *see City of Keller*, 168 S.W.3d at 827; *Forbes*, 124 S.W.3d at 172. A nonmovant produces no more

4

than a scintilla when the evidence is so weak that it does no more than create a mere surmise or suspicion of a fact. *Forbes*, 124 S.W.3d at 172.

## B.    Applicable Law

In order to establish a premises liability claim, a plaintiff must prove the following four elements:  (1) the owner or occupier had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Wal–Mart Stores v. Reece*, 81 S.W.3d at 812, 814 (Tex. 2002); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). The challenged element in this case is the first element—knowledge.

A slip-and-fall plaintiff satisfies the knowledge element by establishing that (1) the defendant placed a substance on the floor, (2) the defendant actually knew that a substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Reece*, 81 S.W.3d at 814. As the supreme court explained in *Wal–Mart Stores, Inc. v. Spates*, the question of constructive knowledge "requires analyzing the combination of proximity, conspicuity, and longevity." 186 S.W.3d 566, 567–68 (Tex. 2006) (per curiam) (citing *Reese*, 81 S.W.3d at 814 & 816).

### III.    DISCUSSION

By her sole issue on appeal, Gonzalez contends that the evidence raised a fact issue as to whether Medina knew or should have known of a dangerous condition, which

5

both parties agree was water on the floor. Gonzalez claims that the following evidence was sufficient to satisfy the knowledge element of her premise liability claim: "The operator saw Gonzalez enter and stood nearby as she used the faulty washing machine. After seeing the water on the floor leaking from under the machine, the [sic] she admitted 'I thought I had that thing fixed.'" Gonzalez asserts that "[t]he facts and circumstances were enough to put [the operator] on notice that there could be water on the floor at the time of the incident." We disagree.

## A.    Constructive Knowledge Review—Proximity, Conspicuity, and Longevity

Here, Gonzalez presented no evidence that Medina placed any substance on the floor or that Medina actually knew of the dangerous condition—water on the floor. *See Reece*, 81 S.W.3d at 814. Gonzalez must rely then on constructive knowledge, which requires proof that Medina had a reasonable opportunity to discover the defect. And the question of constructive knowledge requires that we analyze "the combination of proximity, conspicuity, and longevity." *See Spates*, 186 S.W.3d at 567–68 (citing *Reese*, 81 S.W.3d at 814 & 816).

In this case, there is no evidence that the water was conspicuous. *See id.* Alexis testified that she did not notice any water on the floor when she put the laundry baskets by the machines upon their arrival. There is evidence that when Gonzalez fell approximately five minutes later, the floor was wet and there was a trail of water coming from under the machine. But the evidence reveals that the water was not running and that it had not formed a pool on the floor.

6

Considering proximity, *see id.,* the evidence shows that, from where they were either standing or sitting, no one in the laundromat could see the area where Gonzalez fell. There is no evidence that anyone saw Gonzalez fall. And although Gonzalez claims that the operator "stood nearby as [Gonzalez] used the faulty washing machine," there is no evidence as to the distance between where the machines were located and where the operator was standing. Gonzalez went around to the machines, suggesting that there was a barrier of some kind, perhaps other machines, between herself and the others.

As to longevity, *see id.*, Gonzalez offered no evidence to indicate how long the water had been on the floor before she fell. Although Alexis testified that she did not see water on the floor five minutes before her mother fell, there is no evidence of when, within that five minutes, the water came from a washing machine and on to the floor.

In sum, Gonzalez provided no evidence that the hazardous condition was conspicuous. *See id.*; *Reese*, 81 S.W.3d at 814 & 816. She offered no evidence that a jury could reasonably find that the operator's proximity to the wet floor supported a conclusion that Medina should reasonably have discovered the water. *See Spates*, 186 S.W.3d at 567–68 (citing *Reese*, 81 S.W.3d at 814 & 816). She also presented no evidence that any dangerous condition existed long enough to give Medina a reasonable opportunity to discover it. *See id.* (citing *Reese*, 81 S.W.3d at 816); *CMH Homes*, 15 S.W.3d at 102–03. So viewing the evidence in the light most favorable to Gonzalez, we conclude that she did not produce summary judgment evidence raising a genuine issue

of material fact to support the knowledge element of her claim. *See Timpte Indus.*, 286 S.W.3d at 310; *City of Keller*, 168 S.W.3d at 827.

**B.      *City of San Antonio v. Rodriguez***

Nonetheless, Gonzalez argues that because "[t]he operator was aware that the machine in question had previously leaked water," she was "on notice that there could be water on the floor at the time of the incident." In support of her argument that there is more than enough evidence to support an inference that the operator reasonably should have known of the hazard because she was aware that the machine in question had previously leaked water, Gonzalez relies on *City of San Antonio v. Rodriguez. See* 931 S.W.2d 535, 536–37 (Tex. 1996) (per curiam).

The *Rodriguez* Court concluded that a fact finder might infer that the person in control of the premises knew of water on the floor when there was evidence that the person knew of leaks in the roof and knew it had been raining. *Id.* at 536–37. Regarding the City's no-evidence complaint, the supreme court reasoned that

> [t]he City complains that there was no evidence that it knew of the water on the floor. However, there was evidence that the person in charge of the recreation center knew of the leaks in the roof and knew that it had been raining. Depending on the position of the leaks above the floor and the amount of rain, the jury might have inferred that the person in charge knew that there would be water on the floor. We therefore reject the City's no-evidence complaint.

*Id.* at 537.

Gonzalez argues that, similarly, because Medina had prior notice that the machine in question had been leaking and because Medina saw Gonzalez enter the laundromat and use the machine that had previously leaked water, Medina reasonably should have

8

known of the hazard. We disagree that *Rodriguez* provides support for Gonzalez's argument. Medina's alleged admission, if any, does not support a reasonable inference that Medina knew of the hazardous condition. *See City of Keller*, 168 S.W.3d at 827. Medina thought the leak had been repaired. There is no evidence that Medina knew the machine still leaked, such that it could be inferred that Medina knew that there would be water on the floor if someone used the machine. Gonzalez's reliance on *Rodriguez* is misplaced.

## C. Summary

Because the evidence did no more than create a mere surmise or suspicion that Medina had knowledge of the water on the floor of the laundromat, *see Forbes*, 124 S.W.3d at 172, Medina produced no more than a scintilla of summary judgment evidence, and the trial court properly granted Medina's no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i); *Hamilton*, 249 S.W.3d at 526; *City of Keller*, 168 S.W.3d at 810; *Forbes*, 124 S.W.3d at 172. We overrule Gonzalez's sole issue on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
16th day of April, 2015.

9