# Supreme Court of Texas

---

No. 23-0041

---

Albertsons, LLC d/b/a Randall's; Albertsons Companies, LLC
d/b/a Randall's; Randall's Food Markets, Inc. d/b/a Randall's; and
Randall's Food & Drugs LP d/b/a Randall's,

*Petitioners,*

v.

Maryam Mohammadi,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

---

### PER CURIAM

Maryam Mohammadi slipped and fell at a Randalls grocery store. She alleged that Randalls failed to properly warn of a puddle that formed next to a shopping cart after an employee put leaking items in the cart. Randalls obtained a jury verdict in its favor and a take-nothing judgment. The jury declined to find Randalls liable under a constructive-knowledge standard of premises liability, which asked whether Randalls reasonably should have known of the danger. Based

on that answer, the charge instructed the jury not to answer a question about Randalls's liability under an actual-knowledge standard.

A divided court of appeals reversed, holding that the jury should have been permitted to consider liability under the actual-knowledge standard even after finding no liability under the constructive-knowledge standard. 656 S.W.3d 851, 864 (Tex. App.—Houston [14th Dist.] 2022). As explained below, we need not decide whether the charge incorrectly instructed the jury not to consider liability under an actual-knowledge theory. Any such error would have been harmless because there is no evidence Randalls had actual knowledge of the wet floor. Since there is no evidence of actual knowledge of the danger, no reasonable jury could have answered the actual-knowledge question in Mohammadi's favor, even if we assume the court of appeals was correct that the question should have been asked.

The error identified by the court of appeals was therefore harmless (assuming it was error at all), which means reversal was not proper. *See* TEX. R. APP. P. 44.1(a). The judgment of the court of appeals is reversed, and the judgment of the district court is reinstated.

## I

Maryam Mohammadi worked at a Wells Fargo located inside a Randalls grocery store in Houston. Randalls often placed returned or damaged items in shopping carts near the front of the store. Mohammadi slipped and fell next to such a shopping cart. Mohammadi sued Randalls.

Some of the facts about the fall were disputed. Mohammadi alleged that the shopping cart was the source of the liquid on the floor. An inconclusive video seemed to show a store employee placing a wet plastic bag in the cart. The footage also showed the store manager wiping the floor with a paper towel after Mohammadi's fall, but he testified that the paper towel was not damp when he picked it up. The manager also testified that he did not notice any liquid when he inspected the floor before and after Mohammadi's fall, despite claiming to have observed liquid on the floor after the accident in the report he made at the time.

Before submitting the case to the jury, the court determined that Mohammadi was an invitee, rather than a licensee, at the time of the accident. This meant that Mohammadi did not need to prove that Randalls actually knew of an unreasonably dangerous condition, as would a licensee. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016). Instead, liability to an invitee can attach if the defendant knew of the danger *or* reasonably should have known of it. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000).

The court bifurcated the premises-liability question. Question 1 asked about Randalls's liability under a constructive-knowledge, "reasonably should have known of the danger" standard. Question 2 asked about Randalls's liability under an actual-knowledge-of-the-danger standard. The charge instructed the jury not to answer Question 2 unless it answered Question 1 in favor of Mohammadi. The disputed portion of the charge read:

## QUESTION NO. 1

Did the negligence, if any, of Randall's Food & Drug, L.P. proximately cause the occurrence in question?

With respect to the condition of the premises, Randall's Food & Drug, L.P. was negligent if—

> 1. *the condition* posed an unreasonable risk of harm, and

> 2. Randall's reasonably should have known of the danger, and

> 3. Randall's failed to exercise ordinary care to protect Maryam Mohammadi from the danger, by both failing to adequately warn Maryam Mohammadi of *the condition* and failing to make that condition reasonably safe.

. . . .

**Answer Question No. 2 if you answered "Yes" to Question No. 1. Otherwise, do not answer Question No. 2.**

## QUESTION NO. 2

Did the negligence, if any, of Randall's Food & Drug, L.P. proximately cause the occurrence in question?

With respect to the condition of the premises, Randall's Food & Drug, L.P. was negligent if—

> 1. *the condition* posed an unreasonable risk of harm, and

> 2. Randall's knew of the danger, and

> 3. Randall's failed to exercise ordinary care to protect Maryam Mohammadi from the danger, by both failing to adequately warn Maryam Mohammadi of *the condition* and failing to make that condition reasonably safe.

. . . .

The jury answered "No" to Question 1 and therefore did not answer Question 2. The district court rendered judgment for Randalls. Mohammadi appealed.

The court of appeals reversed, over a dissent. 656 S.W.3d at 865. The court concluded "[t]here was no evidence that a Randalls employee observed any liquid on the floor where Mohammadi slipped and fell before she slipped and fell." *Id*. at 863. The court nonetheless concluded that Mohammadi was entitled to a jury question on actual knowledge. *Id*. at 864. Relying on this Court's decision in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983), the court of appeals held that Randalls could be charged with actual knowledge of the danger even without actual knowledge of the wet floor, because its employees knew a leaking product placed in a shopping cart would drip onto the floor. 656 S.W.3d at 864.

Randalls raises multiple issues in this Court, but we can resolve the case by considering only whether failure to submit the actual-knowledge theory of premises liability to the jury was harmful error. For the following reasons, it was not.

## II

The district court and the court of appeals agreed that Mohammadi was an invitee, rather than a licensee, at the time of the incident. Randalls disagrees and asks us to hold otherwise, but we need not resolve that question. We will assume, without deciding, that Mohammadi was an invitee.

An invitee in a premises-liability case "must prove that the premises owner had actual *or* constructive knowledge of a dangerous

5

condition on the premises." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 813 (Tex. 2002) (emphasis added). "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident." *Sampson*, 500 S.W.3d at 397 (quoting *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008)). "[C]onstructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes*, 15 S.W.3d at 102-03. Unlike actual knowledge, constructive knowledge "can be established by facts or inferences that a dangerous condition could develop over time." *Sampson*, 500 S.W.3d at 397.

We previously approved of the following jury instruction for premises liability to an invitee:

> With respect to the condition of the premises, defendant was negligent if—
>
> a. the condition posed an unreasonable risk of harm;
>
> b. defendant knew or reasonably should have known of the danger; and
>
> c. defendant failed to exercise ordinary care to protect plaintiff from danger, by both failing to adequately warn plaintiff of the condition and failing to make that condition reasonably safe.

*See State v. Williams*, 940 S.W.2d 583, 584-85 (Tex. 1996).[1] The knowledge element of this instruction incorporates *both* actual knowledge and constructive knowledge. A finding that the defendant had either form of knowledge is sufficient for liability under the invitee

---

[1] *See also* Comm. on Pattern Jury Charges of the State Bar of Tex., *Texas Pattern Jury Charges—Malpractice, Premises & Products* PJC 66.4 (2020).

6

standard. The instructions used in Mohammadi's case track this standard instruction in many ways, but they deviate with respect to the defendant's knowledge. Question 1 asked whether the defendant reasonably should have known of the danger, while Question 2 separately asked whether the defendant actually knew of it. Neither of these questions tracked the usual invitee liability question, which incorporates both actual and constructive knowledge.

In addition to splitting the knowledge elements, the charge made the actual-knowledge question contingent on a pro-plaintiff answer to the constructive-knowledge question. Thus, because the jury answered a question exclusively focused on constructive knowledge against Mohammadi, the jury was never asked about Randalls's actual knowledge—as it would have been under the typical invitee jury charge, which incorporates both actual and constructive knowledge.

The parties disagree about the legitimacy of this unusual jury charge, but we need not resolve that dispute. Even if Mohammadi and the court of appeals are correct that the charge was erroneous, reversal of the judgment is not available unless the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a); *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009). If that standard is not met, then the error is considered harmless, and reversal is inappropriate. The question, therefore, is whether the jury's inability to consider actual knowledge probably caused the rendition of an improper take-nothing judgment for Randalls. For the following reasons, it did not.

7

As the charge reflects, the parties tried the case with both a constructive-knowledge theory of liability and an actual-knowledge theory of liability in mind. If a verdict for Mohammadi on the actual-knowledge question would have been properly discarded for legally insufficient evidence, then there is no harm in having not asked the question, because even a pro-Mohammadi answer to the question would not have resulted in judgment for Mohammadi. *See, e.g.*, *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 908-09 (Tex. 2016). We must therefore ask whether the jury heard evidence that was legally sufficient to support a finding that "Randall's knew of the danger" that caused Mohammadi's accident. *See supra* Question 2.[2]

To answer that question, we must first correctly identify the "danger" or "condition" at issue. If the relevant danger is the wet floor, then—as the court of appeals observed—there was no evidence before the jury that any Randalls employee actually knew of the danger prior to Mohammadi's fall. 656 S.W.3d at 863. If, however, the danger was the presence of leaking items in the shopping cart, then there was evidence that employees knew of the danger.

Our precedent dictates that the wet floor, not the antecedent situation that produced it, is the relevant danger or condition about which the defendant's knowledge is relevant. An "unreasonably

---

[2] The legal-sufficiency standard is familiar. "When determining whether legally sufficient evidence supports a jury finding, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. The evidence is legally sufficient if [there] is more than a scintilla of evidence on which a reasonable juror could find the fact to be true." *4Front*, 505 S.W.3d at 908-09 (citations omitted).

dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006).

In *Brookshire*, we held that the ice on the floor, not the grocery store's drink dispenser from which "ice fell to the floor . . . on a daily basis," was the dangerous condition about which the defendant's knowledge mattered. *Id.* at 406-09. Prior to *Brookshire*, we had already followed this approach on multiple occasions. For example, "water on the floor of a basketball court could be an unreasonably dangerous condition, but not the leaky roof that would eventually allow water to drip." *Id.* at 408 (summarizing *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536 (Tex. 1996)). Similarly, "stairs were [not] unreasonably dangerous merely because the premises owner knew they would eventually become unstable with use." *Id.* at 407 (summarizing *CMH Homes*, 15 S.W.3d at 100-01).

Under *Brookshire* and similar cases, the court of appeals in this case should have stopped after concluding that "[t]here was no evidence that a Randalls employee observed any liquid on the floor where Mohammadi slipped and fell." 656 S.W.3d at 863. The court of appeals instead relied on our decision in *Corbin v. Safeway Stores* to hold that the defendant's knowledge of the antecedent situation—a leaking bag in a wire shopping cart—could amount to actual knowledge of the danger for purposes of premises liability. 656 S.W.3d at 864.

In *Corbin*, another grocery store case, the plaintiff slipped on grapes that had fallen out of a self-service bin. 648 S.W.2d at 294. The

9

Court determined that the store's self-service method of displaying grapes "posed an unreasonable risk" of customers slipping on the grapes that would inevitably fall to the floor. *Id.* at 297. The Court concluded that a jury could find the store liable because the store was aware of the *antecedent* condition—grapes available for customer access above a linoleum floor—that posed this unreasonable risk, even in the "absence of evidence showing the storeowner's actual or constructive knowledge of the presence on the floor of the specific object causing the fall." *Id.* at 295.

We have since distanced ourselves from this "exceptional case." *See Brookshire*, 222 S.W.3d at 408. Over the years, this Court has had several opportunities to apply *Corbin* but has declined to do so. *See, e.g.*, *CMH Homes*, 15 S.W.3d at 101 ("[T]he facts of this case are not congruent with those in *Corbin*."); *Brookshire*, 222 S.W.3d at 408 ("This case is not like *Corbin*."); *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 90 (Tex. 2023) ("As in those cases [in which the Court distinguished *Corbin*], nothing here suggests the use of stripes and buttons was any more dangerous than their use on other roads.").

*Corbin* does not control this case. More recent precedent points definitively in the opposite direction. *See Brookshire*, 222 S.W.3d at 408. To the extent *Corbin*'s approach could ever be employed after our more recent cases, it would only be in a situation where—as in *Corbin*—the defendant had a policy or practice that it knew routinely created an unreasonable risk of harm. In *Corbin*, the store "admitted that at the time of [the plaintiff's] fall it knew of this unusually high risk associated with its grape display." 648 S.W.2d at 296. In this case, by contrast,

10

"[t]here is no evidence that employees knew that putting returned goods in a wire shopping cart led to spills on the floor." 656 S.W.3d at 867 (Christopher, C.J., dissenting). Unlike the grape display in *Corbin*, the method that Randalls used to store damaged and returned goods did not "constitute[] a dangerous condition from the moment it was used," nor did it "*inherently* present[] an unreasonable risk of harm." *See CMH Homes*, 15 S.W.3d at 101-02. The evidence may have shown that a Randalls employee knowingly placed a leaking bag in the cart on the day of Mohammadi's fall, but there was no evidence that Randalls had a policy or practice of leaving leaky bags in shopping carts or that Randalls knew the problem routinely recurred.

These distinctions prevent application of *Corbin* to this case. Instead, we again apply the rule from *Brookshire*: the "unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition." 222 S.W.3d at 407. Under this standard, evidence that an employee knew a leaking bag was placed in a shopping cart cannot demonstrate Randalls's actual knowledge of the wet floor on which Mohammadi slipped. Perhaps Randalls *should have known* of the wet floor because a wet floor is a highly likely consequence of a leaking bag, but the jury has already answered the constructive-knowledge question in favor of Randalls.

For these reasons, no reasonable juror could have found that Randalls had actual knowledge of the danger that caused Mohammadi's accident. Thus, even if the jury charge had looked just the way Mohammadi urges, the result would have been the same—a

11

take-nothing judgment for Randalls. Because any charge error was harmless, the court of appeals erred by reversing the district court's judgment. *See* TEX. R. APP. P. 44.1(a). As a result, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and reinstate the district court's judgment. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** April 5, 2024